IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| Donald Clark, | ) | Case No.: |
| | ) | |
| Plaintiff, | ) | Plaintiff's Complaint |
| vs. | ) | and Jury Demand |
| | ) | |
| Lyman-Richey Corporation, | ) | |
| | ) | |
| Defendants | ) | |

Plaintiff, Donald Clark, alleges as follows:

1. Plaintiff, Donald Clark ("Clark"), resides in Omaha, Douglas County, Nebraska.

2. Defendant, Lyman-Richey Corporation ("Lyman-Richey") is a Delaware Corporation conducting business in Omaha, Douglas County, Nebraska. Its principal office address is 4315 Cuming Street, Omaha, NE 68131. Its registered agent is Robert J. Murray, 10306 Regency Parkway Drive, Omaha, NE 68114. Lyman-Richey is in the business of producing ready mixed concrete.

3. This Court has subject matter jurisdiction over this Complaint and Jury Demand under 28 U.S.C. § 1331 and § 1343 as it involves a federal question alleging a violation of 42 U.S.C. § 20000e et seq, Title VII of the Civil Rights Act of 1964.

4. Venue is appropriate in the United States District Court for the District of Nebraska under 28 U.S.C. § 1391(a) as a substantial part of the events giving rise to the claims herein occurred within the judicial district of Nebraska.

5. In April 4, 1994, Lyman-Richey hired Clark as a driver. Clark remained employed as a driver until terminated by Lyman-Richey on April 19, 2005. At all times relevant, Clark performed his duties as a driver satisfactorily.

6. On or about October 19, 2003 Clark was diagnosed with epilepsy after suffering a seizure. Lyman-Richey regarded Clark as having a disability that prevented him from

1

driving. As a result, Lyman-Richey accommodated Clark's perceived disability by reassigning Clark to a construction position within the company.

7. On or about April 13, 2004, Lyman-Richey terminated Clark because it determined that Clark's epileptic disability prevented him from driving and it determined there were no accommodating positions available at that time. Two days later, however, Lyman-Richey rehired Clark to a construction position.

8. On or about June 18, 2004, Clark learned from a medical diagnosis that he did not have epilepsy and was misdiagnosed in October of 2003. On July 14, 2004, Clark informed Lyman-Richey of the misdiagnosis. Nevertheless, Lyman-Richey refused to reassign Clark back to his driver position and continued to regard him as disabled.

9. On or about November 12, 2004, Lyman Richey informed Clark that he was laid off because it regarded him as disabled and unable to perform the essential functions of a driver and there were no construction positions available at the time unless Clark could show that he was cleared to drive by the Department of Transportation.

10. On or about November 12, 2004, the Department of Transportation and all necessary medical opinions cleared Clark to drive commercially as he did not suffer any medical disability that could impact upon his ability to perform the essential functions of his hired job as a driver for Lyman-Richey. Nevertheless, Lyman-Richey refused to reassign Clark back to his driver position and continued to regard him as disabled.

11. Clark continued to seek employment with Lyman-Richey but was turned down. On or about April 11, 2005, Clark filed a charge of discrimination with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission under the Americans with Disabilities Act.

12. On or about April 19, 2005, Lyman-Richey informed Clark that he was terminated from his employment because Lyman-Richey regarded him as disabled and unable to perform the essential functions of his job and without a reasonable accommodation.

13. On or about April 21, 2005, Lyman-Richey received notice of the charge of discrimination filed by Clark.

14. On or about May 11, 2005, Lyman-Richey inquired to Clark through his brother, who is employed with Lyman-Richey, regarding whether Clark would be interested in Lyman-Richey rehiring him as a construction worker as opposed to driver. Clark preferred to be rehired as a driver, yet, needed to keep his seniority with Lyman-Richey and needed income as his wife was pregnant. Thus, Clark communicated to Lyman-Richey that he would be interested in being rehired as a construction worker.

15. On or about May 27, 2005, Lyman-Richey informed Clark, through his brother, that he would not be rehired despite the earlier offer because a charge of discrimination with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission against Lyman-Richey.

16. On or about October 12, 2005, Clark filed a charge of discrimination against Lyman-Richey for retaliation.

17. The Nebraska Equal Opportunity Commission issued an administrative closure on July 21, 2006 and a right to sue letter was received from the Equal Opportunity Commission on October 18, 2006.

### FIRST CAUSE OF ACTION
### PERCIEVED DISABILITY

18. Lyman-Richey, as Clark's employer, regarded Clark's isolated seizure as an epileptic condition that was substantially limiting his ability that substantially limits a major life activity.

19. Lyman-Richey demoted Clark to construction crew and then terminated Clark based upon it regarding Clark as disabled.

20. Clark could have performed the essential functions of his job as a driver at the time Lyman-Richey demoted him and at the time Lyman-Richey terminated him.

21. Clark's alleged impairment was a motivating factor in Lyman-Richey's decision to demote him and its decision to terminate him.

22. Lyman-Richey acted with reckless indifference to Clark's right not to be discriminated against on the basis of disability.

23. Clark has suffered damages as a proximate cause of Lyman-Richey's adverse employment actions against him.  Those damages include

    a. Backpay and past lost benefits, less interim earnings.

    b. Frontpay and future lost benefits, less earnings and benefits received during the frontpay time period;

    c. Compensatory damages which may include pain, suffering, physical or emotional distress, embarrassment and humiliation, loss enjoyment of life, and financial losses incurred as a result of the unlawful discrimination.

    d. Punitive damages.

24. Clark respectfully requests judgment against Lyman-Richey for violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a) and the Nebraska Fair Employment Practices Act, Neb. Rev.  Stat. § 48-1101.  Clark respectfully requests equitable relief of reinstatement as well as damages pled in Paragraph 21 and any and all other remedies as allowed by law including reasonable attorneys' fees and court costs.

## SECOND CAUSE OF ACTION
## RETALIATION

25. Clark was engaged in an activity protected by the Americans with Disabilities Act in the nature of a charge filed against Lyman-Richey with the Nebraska Equal Opportunity Commission and the Equal Employment Opportunity Commission.

26. Lyman-Richey took an adverse employment action against Clark after receiving notice of the protected activity.

27. There exists a causal connection between Clark's protected activity and the adverse employment action taken by Lyman-Richey.

28. Lyman-Richey acted with malice and with reckless indifference to Clark's right not to be discriminated against one the basis of disability and not to be retaliated against on the basis of a protected activity.

29. Clark has suffered damages as a proximate cause of Lyman-Richey's retaliatory actions against him. Those damages include

    a. Backpay and past lost benefits, less interim earnings.

    b. Frontpay and future lost benefits, less earnings and benefits received during the frontpay time period;

    c. Compensatory damages which may include pain, suffering, physical or emotional distress, embarrassment and humiliation, loss enjoyment of life, and financial losses incurred as a result of the unlawful discrimination.

    d. Punitive damages.

30. Clark respectfully requests judgment against Lyman-Richey for violation of the Americans with Disabilities Act, 42 U.S.C. § 12112(a) and the Nebraska Fair Employment Practices Act, Neb. Rev. Stat. § 48-1101. Clark respectfully requests equitable relief of reinstatement as well as damages pled in Paragraph 27 and any and

all other remedies as allowed by law including reasonable attorneys' fees and court costs.

## JURY DEMAND AND DESIGNATION OF OMAHA

31. Clark respectfully requests a trial by jury on all issues which are entitled to jury trial by law. Clark designates Omaha, Nebraska as site for jury trial.

Dated this 19th day of October, 2006

                                        DONALD CLARK, Plaintiff

BY: _____
W. Craig Howell, #20086
Derr and Howell, P.C., L.L.O.
11205 Wright Circle, Suite 210
Omaha, NE 68144
(402) 933-0070
(402) 933-0707 - Fax
wch@derrhowell.com
Attorney for Plaintiff